# SEVENTH HOUSING CORPORATION v LEVINSON
## Case No. MC-89-14529-RJ
County Court, Palm Beach County

October 16, 1989

### APPEARANCES OF COUNSEL

**Lawrence U. Taube,** for plaintiff. **James Boon,** Florida Rural Legal Services, Inc., and **Lisa A. Carmona** (Legal Intern), for defendant.

### OPINION OF THE COURT

I.C. SMITH, County Judge.

### *FINAL JUDGMENT*

THIS CAUSE came on for final hearing. Plaintiff, Seventh Housing Corporation, is the owner of residential property called Stephenson Manor Apartments. The Defendant, Lillian Levinson, leased a unit pursuant to Plan II of United States Farmer's Home Administration (FMHA) Rental Assistance Program.

On or about July 31, 1989, the defendant received a 30 day notice of termination of lease. Based upon said notice, plaintiff filed a complaint for eviction on or about September 5, 1989. Defendant filed an Answer containing affirmative defenses alleging among other things that the rental unit is subject to the Rules and Regulations of FMHA and that

there was non-compliance by plaintiff of the notice requirement as a prerequisite to the termination of the lease.

The issue to be decided is whether plaintiff must comply with the notice requirements under the FMHA rules and regulations as a condition precedent to the filing of tenant eviction? Under the authority of *Hoglund-Hall v Kleiuschmidt,* 381 N.W.2d 889, at page 895:

". . . Notice of termination requirements under the federal regulations supersede state law. The regulation must be complied with before the apartment management can terminate a tenancy."

The (See *McQueen v Druker,* 317 Fed Supp. 1122) Court finds that there was non-compliance. Therefore upon consideration thereof, it is

ORDERED AND ADJUDGED that Plaintiff, SEVENTH HOUSING CORPORATION take nothing by this action.

DONE AND ORDERED this 16th day of October, 1989 in West Palm Beach, Palm Beach County, Florida.